# MORTGAGE NOTE

$1,250,000.00                WHITE PLAINS, NEW YORK                October , 2008

FOR VALUE RECEIVED, JONI PROPERTY TRUST, LLC, a New York limited liability company having an address at 22 Beachfront Lane, New Rochelle, New York 10805, hereinafter referred to as "Borrower", promises to pay to NICHOLAS TARSIA, having an address at 54 Quartz Lane, Paterson, New Jersey 07510, hereinafter referred to as "Lender", or order, at such other place as may be designated in writing by the holder of this Note, the principal sum of ONE MILLION TWO HUNDRED FIFTY THOUSAND ($1,250,000.00) DOLLARS, together with interest thereon as provided for herein. Commencing November 1, 2008 and on the 1st day of each month thereafter, Borrower shall pay the Lender monthly installments of interest only, interest to be calculated at the rate of five (5.0%) percent per annum, each in the amount of $5,208.33. In the event that any portion of the principal is prepaid then the amount of monthly interest shall be reduced to reflect the reduced principal.

The entire unpaid principal balance and all accrued interest shall be due and payable in full on October 31, 2028.

In the event that any sum payable pursuant to this Note shall become past due for a period of fifteen (15) days, a late charge of $0.06 for each dollar ($1.00) so past due may be charged by Lender for the purpose of defraying expenses incident thereto.

Prepayment in whole or in part may be made on any moneys due hereunder without penalty.

If default be made for fifteen (15) days in the payment of any installment of principal and/or interest when due under this Note or in the performance of any of the terms, covenants, conditions or warranties contained in the Mortgage or any other instrument securing payment hereof (the "Loan Instruments"), and the failure to cure after five (5) days written Notice and Demand to Borrower, then at the option of the holder of this Note, the entire principal sum evidenced hereby and secured by the Loan Instruments, together with all interest accrued thereon shall immediately become due and payable in full. All the covenants, conditions and agreements contained in said Loan Instruments are hereby made a part of this instrument. Failure to exercise this option shall not constitute a waiver of the right to exercise same in the event of any subsequent default.

The holder hereof may, without notice and without releasing the liability of any party hereto, grant extensions or renewals hereof from time to time and for any term or terms, add or release one or more parties hereto, acquire additional security, or release any security in whole or in part. The holder hereof shall not be liable for or prejudiced by failure to collect or for lack of diligence in bringing suit on this Note or any renewal or extension hereof.

In the event of any default pursuant to this Note and upon acceleration of the entire indebtedness aforesaid, interest upon the principal sum shall accrue thereafter at the rate of nine (9%) percent per annum, until cure or payment.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

No failure by the holder hereof to exercise, and no delay in exercising, any right or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by such holder of any right or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right or remedy. The

remedies which such holder may otherwise have.

In the event it shall become necessary for the Lender to employ counsel to collect this Note or to protect or foreclose the security given for this Note, the undersigned also agrees to pay to the Lender all reasonable attorney's fees of the Lender for the services of such counsel and all reasonable expenses related to such collection or foreclosure, whether or not suit be brought.

This Note is the Note referred to in a certain Mortgage which will be dated December 31, 2008, given by Joni Property Trust, LLC as Mortgagor, and Nicholas Tarsia, as Mortgagee (hereinbefore and hereinafter the "Mortgage"), and its maturity is subject to acceleration upon the terms provided in said Mortgage. This Note will be secured by the lien of said Mortgage on real property described in said Mortgage, and shall be construed according to the laws of the State of New York.

This Note may not be changed or terminated orally.

This Note may be assigned to an entity in which Nicholas Tarsia is the controlling member.

No other assignment shall be allowed or valid unless the written consent of Borrower is first obtained. Said consent shall not be unreasonably withheld by Borrower. Any assignment, or purported assignment to any individual or entity with an interest adverse to Joseph F. Spiezio, III, including specifically Harold P. Cook, III, his agents, attorneys, employees, partners, alter egos, or assigns, shall be presumptively unreasonable and void.

In the event Borrower sells or transfers any interest in the Premises described in the Mortgage, then, at the option of Lender, the entire outstanding principal balance and all accrued interest due pursuant to the Note shall be due and payable in full.

SIGNED and Sealed this 2nd day of October, 2008.

JONI PROPERTY TRUST, LLC

By: _____
Joseph F. Spiezio III, Manager/Member

STATE OF NEW YORK    )
                     ) : ss.
COUNTY OF WESTCHESTER )

On the       day of        , in the year 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared Joseph F. Spiezio III, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Form 3014 - First Mortgage
Individual or Corporation.

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

This Mortgage, made the 2nd day of October, 2008

Between the mortgagor,
JONI PROPERTY TRUST, LLC, 22 Beachfront Lane, New Rochelle, New York 10805

and the mortgagee,
NICHOLAS TARSIA, 54 Quartz Lane, Paterson, New Jersey 0751-

Witnesseth, that to secure the payment of an indebtedness in the sum of One Million Two Hundred Fifty Thousand and No Cents
($ 1,250,000.00) Dollars

lawful money of the United States, to be paid with interest thereon to be computed from November 1, 2008, according to a certain bond, note or obligation bearing a date of October 2, 2008, the mortgagor hereby mortgages to the mortgagee

ALL that certain plot, piece, or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Yonkers, County of Westchester, and State of New York as more particularly described in Schedule A attached hereto and made a part hereof.

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee; after five days Notice of any default in the payment of any installment of principal or of interest for fifteen days, and the failure to cure said default within said five day notice period; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in installments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of nine (9%) percent per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

TO BE USED ONLY WHEN THE ACKNOWLEDGEMENT IS MADE IN NEW YORK STATE

| STATE OF NEW YORK. COUNTY OF WESTCHESTER ss: | STATE OF NEW YORK. COUNTY OF ss: |
|---|---|
| On the day of December, 2008 before me, the undersigned, personally appeared Joseph F. Spiezio III personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument | On the before me, the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument |

(signature and office of individual taking acknowledgment)

_____
Mortgage

TITLE No.

**JONI PROPERTY TRUST, LLC**
TO
**NICHOLAS TARSIA**

(signature and office of individual taking acknowledgment)

Section: 5
Block: 5530
Lots: 400, 350, 325 and 25
COUNTY OR TOWN Westchester
STREET ADDRESS:
1561 Central Park Avenue
Yonkers, N Y

RETURN BY MAIL TO:
Thomas M. Geiger, Esq.
Oxman Tulis Kirkpatrick Whyatt & Geiger LLP
120 Bloomingdale Road
White Plains, New York         Zip No. 10605