## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re    Nicholas Tarsia | **SUBPOENA FOR RULE 2004 EXAMINATION** |
| Debtor | Case No. 12-15709 DHS |
| | Chapter 7 |

To: Nicholas Tarsia
36 Highview Avenue
Totowa, NJ 07512

☒ YOU ARE COMMANDED to appear pursuant to Rule 2004, Fed.R.Bankr.P. and Rule 2014-1 of the Local Rules of Bankruptcy Procedure, at the place, date, and time specified below to testify at the taking of a deposition in the above case.

**Place:**
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041

**Date and Time:** May 10, 2012 at 9:30 a.m.

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE "A"

**Place:**
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041

**Date and Time:** May 4, 2012 at 9:30 a.m.

_____            _____
Issuing Officer's Signature              Date:

Issuing Officer's Name, Title, Address, and Telephone Number:

SCOTT S. REVER, ESQ.
Wasserman, Jurista & Stolz, P.C.
225 Millburn Avenue, Suite 207, PO Box 1029
Millburn, New Jersey 07041
Attorneys for Robert B. Wasserman, Chapter 7 Trustee          Telephone: (973) 467-2700

PROOF OF SERVICE

| | |
|---|---|
| Date of Service: | Place: Millburn, New Jersey |
| Served on (Print Name) | Manner of Service: |
| Served By (Print Name) | Title |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              Date

_____
Signature of Server

Scott S. Rever, Esq.
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Ave., Suite 207
Millburn, NJ 07041

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A personal commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice of the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the curt may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

NICHOLAS TARSIA

PRODUCTION OF DOCUMENTS
FILE NO.: 7927

SCHEDULE A

1. Copies of all documents, including but not limited to, canceled checks, bank statements, and passbooks, with respect to all accounts, savings accounts, checking accounts, deposit accounts, brokerage accounts, Certificates of Deposit, bond accounts, mutual funds, dividend reinvestment accounts or any other investment accounts in which you had an interest or that were in your name from January 1, 2008 to present.

2. Copies of all stock certificates, mutual funds, shares, bond or other forms of securities of any kind, type or class of any corporation, firm, business, government or government agency in which you held an ownership interest or which were in your name at any time from January 1, 2007 to present.

3. Copies of all deeds, or other documents, evidencing your ownership or interest in any and all parcels of real estate, and/or any buildings or improvements situated thereon from January 1, 2005 to present.

4. Copies of all financial statements prepared by you, or on your behalf from January 1, 2007 to present.

5. Copies of all homeowner's insurance policies, together with all riders issued in connection therewith, obtained by you since January 1, 2005.

6. Copies of all documents evidencing your ownership or lease of any motor vehicles since January 1, 2008.

7. Copies of all motor vehicle insurance policies obtained by you since January 1, 2008.

8. Copies of all appraisals or other written valuations performed with respect to any real or personal property owned by you or in which you had an interest from January 1, 2005 to the present.

9. Copies of all documents evidencing your equity ownership or interest in any corporation from January 1, 2005 to the present.

10. Copies of all documents evidencing any interest held by you in any partnership from January 1, 2005 to the present.

11. Copies of all documents evidencing your ownership interest in any form of business entity or investment vehicle from January 1, 2005 to the present.

12. Copies of all financial statements received by you since January 1, 2007 with respect to any corporation, partnership or other business entity or investment vehicle in which you held an ownership interest.

13. Copies of all tax returns filed on your behalf with any taxing authorities for tax years 2007 to present including all returns with respect to any corporation, partnership or other business entity or investment vehicle in which you held an interest.

14. A copy of all of your 1099's from January 1, 2007 to present.

15. Copies of all documents evidencing any loans you have made to any other party which were outstanding at any time from January 1, 2007, together with all loan agreements, notes, mortgages and security agreements, if any, executed in connection therewith.

16. Copies of all documents evidencing any loans made to you by any person or entity which were outstanding at any time from January 1, 2007, together with all loan agreements, notes, mortgages and security agreements, if any, executed in connection therewith.

17. Copies of all documents evidencing any loans made to another person or entity which were outstanding at any time from January 1, 2007, for which you are or were primarily or secondarily obligated, together with all loan agreements, notes, mortgages and security agreements, if any, executed in connection, therewith.

18. Copies of all documents evidencing the existence of any mortgage or security interest with respect to any real or personal property owned by you or in which you had an interest from January 1, 2005, including the most recent payoff statement in connection therewith.

19. Copies of all documents which prove that any property in your control at the time that you filed your petition is owned by another.

20. A copy of any retainer agreement executed between you and your bankruptcy attorney, including any documentation with respect to any retainer or fees paid by you to such firm.

21. Copies of all judgments, if any, that you have obtained against any other party.

22. Copies of all judgments that you are aware of that have been obtained against you.

23. Copies of all documents which contain, refer or relate to any retirement accounts maintained by you from January 1, 2007.

24. Copies of all documents which contain, refer or relate to any Keough Plans maintained by you from January 1, 2007.

25. Copies of all documents which refer or relate to any 401(K) or other pension plans maintained by you from January 1, 2007.

26. Copies of all documents referring or relating to any transfer of your interest in any corporation, partnership or other business entity to any person or entity within four (4) years prior to the date that your bankruptcy case was commenced.

27. Copies of all documents referring or relating to any transfer of assets (in excess of $2,000.00 per transfer) made by you to any person or entity within four (4) years prior to the date that this bankruptcy case was commenced.

28. Copies of all insurance policies under which you were named as the insured or as a beneficiary from January 1, 2007.

29. Copies of all trust agreements under which you were named as a beneficiary from January 1, 2007.

30. Copies of any leases for real property under which you were the lessor or lessee from January 1, 2007 to present, and any and all documents relating to any security deposits in connection therewith.

31. Copies of all checks or other documents evidencing any payments or transfers made by you to any person or entity within one year immediately preceding the commencement of this bankruptcy case.

32. Copies of any and all leases to which you are or were a party from January 1, 2007.

33. Copies of any and all of your credit card statements from January 1, 2007.

34. All documents evidencing your employment and/or income during the last four (4) years.

35. Any and all documents evidencing, referring or relating to any and all sales or transfers of real property in which you had an interest, or which were made by any entity(ies) in which you had an ownership interest, from January 1, 2005 to present, including deeds, closing statements, affidavits of consideration and any and all documents evidencing the disposition of the sale proceeds.

36. A copy of all employment agreements to which you have been a party from January 1, 2007 to present and all documents referring or relating to your employer's bonus policies.

37. Any and all documents referring or relating to any transfers made by you to your spouse, children or any other family member or insider from January 1, 2007 to present.

38. Any and all documents evidencing, referring and/or relating to your interest in the following entities and the value thereof, all operating agreements, shareholder agreements, and financial statements and books and records relating to the following and any and all documents referring or relating to any transfer of any interest you had in any of the following:

      a.    Co-Tar LLC;
      b.    PT Properties, LLC; and
      c.    Cambridge Management

39. The name, address and phone number of the others with interests in the entities listed in document request number 38.

40. Any and all documents referring or relating to any income or funds received by you from any entity from November 1, 2009 to date, and all documents evidencing the disposition of said income or funds.

41. A copy of your passport.

42. Any and all documents referring or relating to any and all bank accounts outside the United States in your name or in the name of any entity in which you have an interest, and if any, the filed Form TD 90.22 Report of Foreign Bank and Financial Accounts associated therewith.

43. The original Notes (of if not available, a copy thereof) with respect to the Notes receivable referred to in Schedule I of your bankruptcy petition.

44. An accounting of the amount received and due on the Notes receivable referred to in Schedule I of your bankruptcy petition.

45. A copy of the deeds, mortgages and current mortgage statements with respect to the Totowa real estate listed in Schedule A of your bankruptcy petition.

46. Any and all documents referring or relating to the value of the baseball cards listed in Schedule B of your bankruptcy petition.

47. Any and all documents referring or relating to the New York criminal case referred to in Schedule J of your bankruptcy petition.

48. Any and all documents referring or relating to the debt due and owing to Doar, Reick, Kaley & Mack and evidencing any payments to said entity, including the $25,000.00 payment referred to in your Statement of Financial Affairs.