# NICHOLAS TARSIA

*12-15709*

36 Highview Ave., Totowa, NJ 07512 • 973.626.3660

April 5, 2013



U.S. Bankruptcy Court
District of New Jersey
The Honorable Donald H. Steckroth
50 Walnut Street
3rd Floor
Newark, New Jersey 07102

Dear Honorable Sir:

On March 18, 2013, your Honor presided over a contempt of court motion in my chapter 7 bankruptcy case. I am writing your Honor to inform you that the facts were misrepresented by Sokol, Beltot and Fiorenzo's attorney Anthony Bidwell in addition to Mr. Rever, the attorney for the trustee Wasserman.

1. The parties claimed that I did not produce tax returns and tax records and documentation relevant to the bankruptcy. Your Honor was not advised that an accountant for the Trustee, on March 15, 2013, met with my accountant Starr, Darcy and Starr at my accountant's office. During that meeting they reviewed not only my tax returns but also my bank statements and other documentation related to my tax filings, with the exception of 2011 which was not yet filed due to innumerable losses.
2. Upon information and belief the only creditor objecting to my discharge is the firm of Sokol, Behot & Fiorenzo. I believe that Mr. Fiorenzo's unscrupulous handling of my NY case and his involvement with former municipal court Judge Harold Cook III of North Haledon are contributing factors.
    a. I believe it is important for the court to know the details of the case in which Mr. Fiorenzo is pursuing this matter.
    b. Mr. Fiorenzo represented former Judge Harold Cook III and myself in a Civil Rico action in New York's Southern district against Joseph Spiezio, one of our ex partners.
    c. When Fiorenzo was retained he was fully aware of a $150,000.00 promissory note that Judge Cook owed to me on a property deal that myself and Joseph Spiezio sold to Cook and his associates.

    d. The magistrate Judge in the Southern District's decision in the RICO action was that the case was merely a partnership dispute and the matter was a state issue matter and should be heard in NY Supreme Court.

    e. Subsequent to her decision, Mr. Fiorenzo and Judge Cook met with me seeking to appeal the case. Mr. Fiorenzo believed that the appeal was proper as the Magistrate Judge did not understand the details of the case and we ultimately appealed.

    f. Susan Burns of Fiorenzo's firm filed a slipshod motion in the District Court and District Judge Robinson lambasted Ms. Burns for her unpreparedness and lack of understanding.

    g. After Judge Robinson's decision and further suggesting that this was a State matter, Mr. Fiorenzo continued the matter in Federal Court, stating his refusal to file in State Court.

    h. Fiorenzo's representation was lazy, unprofessional and deceptive.

3. At this point I sought to secure new counsel from New York to pursue the State Case (hereafter, State Case).

    a. At that time Judge Harold Cook III requested to join me in the intake interviews with a New York law firm.

    b. After a brief review of the case by New York counsel I was quickly advised that there was a conflict with the firm representing both of us since Cook owed me a note of $150,000.00. .

    c. Judge Cook falsely perjured himself and stated that I waived a $150,000.00 note during a deposition with our ex partner, Joseph Spiezio with Joseph Fiorenzo in attendance.

    d. At no time did Fiorenzo inform me of the conflict which was not only malpractice, it was unethical and fraud.

    e. At a subsequent meeting Fiorenzo did not even acknowledge the existence of a $150,000.00 note evidencing a conspiratorial agreement with Judge Cook.

    f. It should be noted that this $150,000.00 note was an initial part of Joe Spezio's lawsuit against Cook.

4. Once New York Counsel was involved, the State Court case was settled in approximately 3 months.

5. WHEREAS the foundation of Fiorenzo's $39,000.00 bill for the defective motion by Susan Burns is nothing short of a joke and an affront to the legal system.

6. WHEREAS in an effort to help his friend Judge Cook, Fiorenzo illegally bifurcated the legal bill of $150,000.00 allocating $99,000.00 to me and $50,000.00 to Judge Cook.

7. WHEREAS Sokol, Behot & Fiorenzo's Judgment prior to my bankruptcy was appealed and is now stayed in bankruptcy.

2

8. WHEREAS the trustee has refused to investigate the premises of the alleged debt in this case in an effort to satisfy a fraudulent debt.

9. WHEREAS I have included a copy of an email from my attorney, Barry Levine, referencing the 2004 Deposition where the Trustee's attorney, Scott Rever, asks for additional documentation. At the Contempt Hearing on March 18, 2013, Mr. Rever and Attorney Bidwell submit a 48 line questionnaire for me to provide information, attempting to create an undue burden when in fact I complied with the information I had. Fiorenzo, who is now aggressively seeking contempt of court fails to tell the court when he had the opportunity, he never showed up at my 2004 Hearing.

10. WHEREAS after my original document production, Scott Rever, attorney for the trustee, requested, according to my attorney, additional documents.

11. WHEREAS it should be noted in the accompanying email and fax transmission dated June 22, 2012 from Barry Levine to me, and July 17, 2012 from Levine to Rever supplying Rever's request for additional documentation.

WHEREFORE, I ask that the court reconsider its decision to hold me in contempt.

Very truly yours,

*[signature]*

Nicholas Tarsia

3