

**STARR, DARCY & STARR** p.c.
*Certified Public Accountants*

April 4, 2013

To Whom It May Concern:

On March 5, 2013 our office received a Subpoena from Wasserman, Jurista & Stolz on behalf of Robert B. Wasserman the Chapter 7 Trustee for Nicholas Tarsia. On Friday March 15th Mr. Joseph DeVito (bankruptcy accounting) spent approximately 4 hours in our office reviewing and copying various tax returns and bank statements associated with Mr. Tarsia for tax years 2006 – 2010.

If we could be of further assistance feel free to contact us directly at (201) 227-9255.

Sincerely,

Paul S. Starr, CPA
Starr, Darcy & Starr p.c.

*84 Honeck Street, Englewood, NJ 07631-4133*
*201-227-9255     Fax 201-227-9256*
*e-mail: mail@starrdarcystarr.com*
*website: http://www.starrdarcystarr.com*

*Members:*
*Private Companies Practice Section*
*American Institute of CPAs*
*New Jersey Society of CPAs (P.S.,D.S.)*
*New York Society of CPAs (P.J.D.)*

# WASSERMAN, JURISTA & STOLZ
## ATTORNEYS AT LAW



### A PROFESSIONAL CORPORATION

ROBERT B. WASSERMAN
STEVEN Z. JURISTA
DANIEL M. STOLZ
LEONARD C. WALCZYK
SCOTT S. REVER°°
DONALD W. CLARKE⁺
°°ALSO MEMBER OF PA BAR
⁺ ALSO MEMBER OF NY BAR

225 MILLBURN AVENUE - SUITE 207
P.O. BOX 1029
MILLBURN, N.J. 07041

www.WJSLAW.com

TEL (973) 467-2700
FAX (973) 467-8126

OF COUNSEL

STUART M. BROWN
KENNETH L. MOSKOWITZ⁺
NORMAN D. KALLEN
KEITH E. MARLOWE⁺

March 5, 2013

SREVER@WJSLAW.COM

By Email: ahall@starrdarcystarr.com
Adam Hall
Starr, Darcy, Starr, P.C. CPA's
84 Honeck Street
Englewood, New Jersey 07631-4133

    Re:    **Nicholas Tarsia**
           **Case no.: 12-15709 DHS**
           **Our File no.: 7927**

Dear Mr. Hall:

    This office represents Robert B. Wasserman, the Chapter 7 Trustee for Nicholas Tarsia. I hereby serve upon you a Subpoena for a Rule 2004 Examination requiring you to produce documents at our offices by March 19, 2013 at 9:30 a.m.

                           Very truly yours,

                           WASSERMAN, JURISTA & STOLZ, P.C.

                           SCOTT S. REVER

SSR:drm
Enclosure
cc:    Robert B. Wasserman, Esq. (by email)
        Joseph DeVito, CPA (by email)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

In re    Nicholas Tarsia

**SUBPOENA FOR RULE 2004 EXAMINATION**

Debtor

Case No. 12-15709 DHS

Chapter 7

To:    Adam Hall
c/o Starr, Darcy, Starr P.C. CPA's
84 Honeck Street
Englewood, NJ 07631-4133

☐    YOU ARE COMMANDED to appear pursuant to Rule 2004, Fed.R.Bankr.P. and Rule 2014-1 of the Local Rules of Bankruptcy Procedure, at the place, date, and time specified below to testify at the taking of a deposition in the above case.

**Place:**
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041

**Date and Time:**

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Your entire file relating to the Debtor and/or any entities in which the Debtor has an interest.

**Date and Time:** March 19, 2013 at 9:30 a.m.

**Place:**
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041

Issuing Officer's Signature    Date: 3-5-13

Issuing Officer's Name, Title, Address, and Telephone Number:

SCOTT S. REVER, ESQ.
Wasserman, Jurista & Stolz, P.C.
225 Millburn Avenue, Suite 207, PO Box 1029
Millburn, New Jersey 07041
Attorneys for Robert B. Wasserman, Chapter 7 Trustee

Telephone: (973) 467-2700

## PROOF OF SERVICE

| Date of Service: | Place: Millburn, New Jersey |
|---|---|
| Served on (Print Name) | Manner of Service: |
| Served By (Print Name) | Title |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           Date

_____
Signature of Server

Scott S. Rever, Esq.
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Ave., Suite 207
Millburn, NJ 07041

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A personal commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice of the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the curt may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or t hings not produced that is sufficient to enable the demanding party to contest the claim.

**From:** Adam Hall <AHall@starrdarcystarr.com>
**To:** CambNJ <CambNJ@aol.com>
**Subject:** FW: Tarsia
**Date:** Mon, Apr 1, 2013 9:17 am
**Attachments:** Adam_Hall_of_Starr_Darcy_Starr_3-5-13.pdf (278K)

Nick,

Attached is the subpoena our office received. A gentleman named Joe DeVito was the CPA that came to our office and reviewed the file.

**Adam B. Hall, CPA**

Starr, Darcy & Starr, p.c., CPA's

84 Honeck Street

Englewood, NJ  07631

T 201.227.9255 x23

F 201.227.9256

ahall@starrdarcystarr.com

www.starrdarcystarr.com

---

CONFIDENTIALITY NOTICE:  This e-mail may contain confidential information.  Do not read this e-mail if you are not the intended recipient.  If you have received this transmission in error, please notify us immediately by replying to the e-mail or by telephone at 201.227.9255 and destroy the original transmission and any attachments without reading or saving the transmission in any manner.

IMPORTANT NOTICE:  In compliance with Treasury Department Circular 230, unless stated to the contrary, any tax advice contained in this correspondence (or any attachment) was not intended to be used and cannot be used for the purposes of avoiding penalties imposed under the Internal Revenue Code.

---

**From:** Denise Mendez [mailto:DMendez@wjslaw.com]
**Sent:** Tuesday, March 05, 2013 12:21 PM
**To:** Adam Hall
**Cc:** jdevito@wdcpas.com; Robert Wasserman
**Subject:** Tarsia

Description: Denise Mendez

Please visit our Website at www.wjslaw.com

**CONFIDENTIALITY NOTICE:** This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient of this message you are prohibited from copying, distributing or otherwise using this information. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system.

**SIGNATURE:** No agreement concerning the subject matter of this correspondence shall be binding on this law firm or its client(s) unless a definitive written agreement is signed and delivered by a duly authorized representative of the firm or its client(s). No e-mail transmission by the sender of this e-mail will constitute an "electronic signature" unless the person sending the email expressly states that this e-mail constitutes an electronic signature or the document on which a handwritten signature appears specifically states that it may be delivered via electronic or e-mail transmittal.

**IRS CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or of promoting, marketing or recommending to another party any transaction or matter addressed herein.

DOCUMENT PRODUCTION INFORMATION -

Please be advised, as has been expressed to Mr. Levine, and the Trustee in the past, that a voluminous amount of documentation was held by my personal attorney, Robert Pelio, Esq. from Fairfield, NJ. Mr. Pelio passed away from cancer in October of 2010 and his office closed shortly thereafter and all documentation subsequently was unavailable.

1. Provided by my accountant, Starr, Darcy & Starr on 3/15/2013 to the trustee's accountant
2. Not Applicable
3. Provided subsequent to 2004 Exam and pursuant to Scott Rever's request
4. Not available, do not have copies
5. Not Applicable
6. Car Lease – 2011 Mercedes Benz GL 450
7. Not Applicable
8. An appraisal of the properties was provided prior to my 2004 Hearing
9. All information available has been provided
10. All information available has been provided
11. All documents in my custody were provided, as noted in Rever's request for additional documentation
12. To my knowledge, documents were provided by my accountant to the Trustee's accountant
13. Provided and reviewed by Trustee's accountant on 3/15/2013 at my accountant's office. See attached subpoena
14. Provided and reviewed by Trustee's accountant on 3/15/2013 at my accountant's office. See attached subpoena
15. Provided and reviewed by Trustee's accountant on 3/15/2013 at my accountant's office. See attached subpoena
16. Provided and reviewed by Trustee's accountant on 3/15/2013 at my accountant's office. See attached subpoena
17. All information available has been provided
18. Not Available – Pelio maintained all closing documents
19. All documentation provided prior to 2004 Exam. Can be noted in Scott Rever's request.
20. Bankruptcy attorney has retainer
21. Not Applicable
22. No copies of Judgments
23. Not Applicable

4

24. Not Applicable
25. Not Applicable
26. Provided at 2004 Hearing
27. Provided at 2004 Hearing
28. Not Applicable
29. Not Applicable
30. Not Applicable
31. Previously provided
32. Not Applicable
33. Not Available
34. Provided and reviewed by Trustee's accountant on 3/15/2013 at my accountant's office. See attached subpoena
35. Financial information related to any transfers listed on tax returns reviewed at my accountant's office on 3/15/2013 - Documentation relating to any closing was maintained by Robert Pelio, Esq. Also maintained by Harold Cook, III, Esq.
36. Not applicable
37. Provided at 2004 Hearing
38. Co-Tar, Harold Cook, III, Esq. of Perconti & Cook, North Haledon, NJ
    PT Properties, LLC with Robert Pelio, Esq., deceased – documents unavailable
    Cambridge Management – provided at 2004 Hearing
39. Not Applicable
40. Previously provided
41. Copy attached hereto
42. Not applicable
43. Previously provided
44. See initial bankruptcy filing
45. Previously provided
46. At the 2004 Hearing, I estimated approximately $500 for the baseball cards
47. Not Applicable
48. I currently owe my NY Attorney $160,000 which I did not yet include in this bankruptcy petition

5

## NICHOLAS TARSIA

## PRODUCTION OF DOCUMENTS
## FILE NO.: 7927

## SCHEDULE A

1. Copies of all documents, including but not limited to, canceled checks, bank statements, and passbooks, with respect to all accounts, savings accounts, checking accounts, deposit accounts, brokerage accounts, Certificates of Deposit, bond accounts, mutual funds, dividend reinvestment accounts or any other investment accounts in which you had an interest or that were in your name from January 1, 2008 to present.

2. Copies of all stock certificates, mutual funds, shares, bond or other forms of securities of any kind, type or class of any corporation, firm, business, government or government agency in which you held an ownership interest or which were in your name at any time from January 1, 2007 to present.

3. Copies of all deeds, or other documents, evidencing your ownership or interest in any and all parcels of real estate, and/or any buildings or improvements situated thereon from January 1, 2005 to present.

4. Copies of all financial statements prepared by you, or on your behalf from January 1, 2007 to present.

5. Copies of all homeowner's insurance policies, together with all riders issued in connection therewith, obtained by you since January 1, 2005. **N/A**

6. Copies of all documents evidencing your ownership or lease of any motor vehicles since January 1, 2008. ✓

7. Copies of all motor vehicle insurance policies obtained by you since January 1, 2008. ✓

8. Copies of all appraisals or other written valuations performed with respect to any real or personal property owned by you or in which you had an interest from January 1, 2005 to the present. **N/A**

9. Copies of all documents evidencing your equity ownership or interest in any corporation from January 1, 2005 to the present.

10. Copies of all documents evidencing any interest held by you in any partnership from January 1, 2005 to the present.

11. Copies of all documents evidencing your ownership interest in any form of business entity or investment vehicle from January 1, 2005 to the present.

12. Copies of all financial statements received by you since January 1, 2007 with respect to any corporation, partnership or other business entity or investment vehicle in which you held an ownership interest. **N/A**

13. Copies of all tax returns filed on your behalf with any taxing authorities for tax years 2007 to present including all returns with respect to any corporation, partnership or other business entity or investment vehicle in which you held an interest. *2009 ~*

14. A copy of all of your 1099's from January 1, 2007 to present. *N/A*

15. Copies of all documents evidencing any loans you have made to any other party which were outstanding at any time from January 1, 2007, together with all loan agreements, notes, mortgages and security agreements, if any, executed in connection therewith. *All Usrbal*

16. Copies of all documents evidencing any loans made to you by any person or entity which were outstanding at any time from January 1, 2007, together with all loan agreements, notes, mortgages and security agreements, if any, executed in connection therewith.

17. Copies of all documents evidencing any loans made to another person or entity which were outstanding at any time from January 1, 2007, for which you are or were primarily or secondarily obligated, together with all loan agreements, notes, mortgages and security agreements, if any, executed in connection, therewith. *Law suit cook*

18. Copies of all documents evidencing the existence of any mortgage or security interest with respect to any real or personal property owned by you or in which you had an interest from January 1, 2005, including the most recent payoff statement in connection therewith.

19. Copies of all documents which prove that any property in your control at the time that you filed your petition is owned by another. *N/A*

20. A copy of any retainer agreement executed between you and your bankruptcy attorney, including any documentation with respect to any retainer or fees paid by you to such firm. *Loving*

21. Copies of all judgments, if any, that you have obtained against any other party. *None*

22. Copies of all judgments that you are aware of that have been obtained against you. *N/A*

23. Copies of all documents which contain, refer or relate to any retirement accounts maintained by you from January 1, 2007. *NA ~*

24. Copies of all documents which contain, refer or relate to any Keough Plans maintained by you from January 1, 2007. *NA*

25. Copies of all documents which refer or relate to any 401(K) or other pension plans maintained by you from January 1, 2007. *NA*

26. Copies of all documents referring or relating to any transfer of your interest in any corporation, partnership or other business entity to any person or entity within four (4) years prior to the date that your bankruptcy case was commenced.

27. Copies of all documents referring or relating to any transfer of assets (in excess of $2,000.00 per transfer) made by you to any person or entity within four (4) years prior to the date that this bankruptcy case was commenced.

28. Copies of all insurance policies under which you were named as the insured or as a beneficiary from January 1, 2007.

29. Copies of all trust agreements under which you were named as a beneficiary from January 1, 2007. — None — Peleo Had will

30. Copies of any leases for real property under which you were the lessor or lessee from January 1, 2007 to present, and any and all documents relating to any security deposits in connection therewith. N/A —

31. Copies of all checks or other documents evidencing any payments or transfers made by you to any person or entity within one year immediately preceding the commencement of this bankruptcy case.

32. Copies of any and all leases to which you are or were a party from January 1, 2007.

33. Copies of any and all of your credit card statements from January 1, 2007.

34. All documents evidencing your employment and/or income during the last four (4) years.

35. Any and all documents evidencing, referring or relating to any and all sales or transfers of real property in which you had an interest, or which were made by any entity(ies) in which you had an ownership interest, from January 1, 2005 to present, including deeds, closing statements, affidavits of consideration and any and all documents evidencing the disposition of the sale proceeds.

36. A copy of all employment agreements to which you have been a party from January 1, 2007 to present and all documents referring or relating to your employer's bonus policies.

37. Any and all documents referring or relating to any transfers made by you to your spouse, children or any other family member or insider from January 1, 2007 to present.

38. Any and all documents evidencing, referring and/or relating to your interest in the following entities and the value thereof, all operating agreements, shareholder agreements, and financial statements and books and records relating to the following and any and all documents referring or relating to any transfer of any interest you had in any of the following:

    a. Co-Tar LLC; —
    b. PT Properties, LLC; and —
    c. Cambridge Management -

39. The name, address and phone number of the others with interests in the entities listed in document request number 38.

40. Any and all documents referring or relating to any income or funds received by you from any entity from November 1, 2009 to date, and all documents evidencing the disposition of said income or funds.

41. A copy of your passport.

42. Any and all documents referring or relating to any and all bank accounts outside the United States in your name or in the name of any entity in which you have an interest, and if any, the filed Form TD 90.22 Report of Foreign Bank and Financial Accounts associated therewith.

43. The original Notes (of if not available, a copy thereof) with respect to the Notes receivable referred to in Schedule I of your bankruptcy petition.

44. An accounting of the amount received and due on the Notes receivable referred to in Schedule I of your bankruptcy petition.

45. A copy of the deeds, mortgages and current mortgage statements with respect to the Totowa real estate listed in Schedule A of your bankruptcy petition.

46. Any and all documents referring or relating to the value of the baseball cards listed in Schedule B of your bankruptcy petition.

47. Any and all documents referring or relating to the New York criminal case referred to in Schedule J of your bankruptcy petition.

48. Any and all documents referring or relating to the debt due and owing to Doar, Reick, Kaley & Mack and evidencing any payments to said entity, including the $25,000.00 payment referred to in your Statement of Financial Affairs.

**To:** cambnj <cambnj@aol.com>
**Subject:** Fw: Additional materials asked for by the trustee
**Date:** Wed, Nov 28, 2012 10:04 am

Here is the email I sent you about documents. You responded to it, but Rever wants to know if there is anything else. I will send any additional emails he sent me about this.

----- Original Message -----
**From:** Barry Levine
**To:** cambnj@aol.com
**Sent:** Friday, June 22, 2012 8:11 AM
**Subject:** Additional materials asked for by the trustee

6/22/2012

Here is a list of the additional materials requested by the trustee at your deposition:

1. Copy of leases at the Totowa properties.

2. Jim Farisi's address.

3. Copies of Totowa Deeds.

4. Copies of Mortgage statements for Totowa.

5. Information on Riverstone, LLC--including tax returns and operating agreement.

6. Documents relating to the purchase of the Hillary Street Cafe.

7. Operating agreement and Tax Returns for Totowa Gardens, LLC.

8. Settlement Documents in the Spezio matter.

9. Address of Baystate.

I told them we would be furnishing the information shortly. I also told Rever we would take action on their effort to get the money on the loan in your wife's name, which I will work on today.

Barry

AFTER 2004 HEARING

http://mail.aol.com/37572-111/aol-6/en-us/mail/PrintMessage.aspx          3/24/2013

# BARRY E. LEVINE, LLC
## ATTORNEY AT LAW

Powder Mill Plaza
101 Gibraltar Drive, Suite 2-F
Morris Plains, New Jersey 07950
Telephone: (973) 538-2084
Fax: (973) 538-8227

**Rockaway Office:**
20 West Main Street
Rockaway, NJ 07866

**Please Respond to:**
Morris Plains

E-Mail: BLevine@blevinelaw.com
www.Blevinelaw.com

*7/17/2012*

July 17, 2012

**Via Fax Transmission To: 973-467-8126**
Scott S. Rever, Esq.
**Wasserman, Jurista, & Stolz**
225 Millburn Avenue Suite 207
Millburn, NJ 07041

      Re: **Nicholas Tarsia**
         **Case No: 12-15709**
         **Our File Number: 3345**

Dear Mr. Rever:

  Enclosed please find the following with regard to the above matter:

  1. Bank statement for Riverstone Management, LLC.

  2. Lease Agreement of Totowa Gardens, LLC and Little Dreamers Early Learning Center Limited Liability Company.

  3. Lease Agreement of Totowa Gardens, LLC and Bagels By the Bridge, Inc.

  4. Minutes of Special Meeting o9f 142 Totowa Road Associates, LLC d/b/a Hillery Street Restaurant & Grill dated July 16, 2010.

  5. Riverside Management, LLC Operating Agreement.

*PAGES missing*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:                                              Case No. 12-1509 (DHS)
                                                    Hon. Donald H. Steckroth
                                                    Chapter 7

NICHOLAS TARSIA

         Debtor

---

Nicholas Tarsia, being duly sworn deposes and states;

1. I am the debtor in the above captioned matter and make this affidavit in further support of information regarding the note to Joni Property Trust, LLC (JT) and assigned to Spiezio Organization, LLC, (SO).

2. The original note was assigned and one (JPT) borrower deleted and one added (SO) which the note allowed on its face at my discretion.

3. There is no recorded mortgage and the original was sent back to Spiezio (S) cancelled and or destroyed.

4. The confidential settlement agreement between Joseph F. Spiezio, III and your affiant entered into in 2008 and my review of the exhibit by Fiorenzo is not a fully executed copy.

5. I never authorized the release of the confidential settlement and there was never a Court Order as required under the agreement.

6. The release of this confidential settlement agreement in 2008, are grounds for a violations of the settlement agreement and possible litigation for damages.

7. Mr. Fiorenzo is not aware of the changes and or modifications of the 2008 confidential settlement agreement and makes statements unsupported by the record and the facts.

8. Mr. Fiorenzo should be a defendant, not a creditor.

9. The note in question was assigned and is unsecured. The note was also changed to principal payments commencing January 1, 2010 and continue till 2028 unless prepaid.

1

10. The changes were memorialized in 2009 and 2010 in letter(s) executed by your affiant and Spiezio on behalf of the LLC borrower.

11. The settlement agreement called for a mortgage to be recorded but I agreed not to record it and the original mortgage was returned and marked void.

12. I also testified at a hearing conducted in this bankruptcy proceeding that I did not have the original note or mortgage.

13. I never objected to the sale of the property to an entity controlled by the Spiezio family.

14. I request that the Trustee file and adversary proceeding against Fiorenzo and his firm for malpractice and perfect the appeal for the estate. I have a meritorious defense to my default and the malpractice case is additional funds for my estate.

15. It is my understanding the Judgment rendered against me by Fiorenzo was on default judgment and not on merits.

16. The Fiorenzo matter involves claims he makes for legal services rendered to me and multiple people. Fiorenzo attempts to allocate a disproportionate amount of the bill to me and discovery will prove that the bills was improperly billed to protect his friend Harold P. Cook, III who is or was a defendant in almost 43 cases according to Court records.

17. The note referenced in the Fiorenzo objection was assigned to Spiezio Organization, LLC and I released Joni Property Trust, LLC of its obligations under the note. The note on its face was clear that I could release and or add more parties and that is what I agreed to.

18. It is my understanding that my estate is in jeopardy will losing $400,000.00 and it may continue to incur expenses by Fiorenzo and may cause Spiezio to withdraw from the offer which in my opinion is deliberate and calculated y Fiorenzo to continue to harass me and Spiezio for his friend, client and possible partner Harold P. Cook, III.

19. Mr. Fiorenzo should be held accountable to my estate for any and all damages caused as a result of his objections filed.

20. The Trustee has no way of enforcing the note and the trustee has no security for the note and enforcement would not only be a further waste of my estates funds by the borrower can just continue to pay the note monthly till 2028.

2

_____
Nicholas Tarsia

Sworn to this 11 day of
September, 2012

_____
LISA M. BATEMAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 8/18/2014